JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIANA AGUILAR,<br>        Plaintiff,<br><br>                    v.<br><br>LABORATORY CORPORATION<br>OF AMERICA,<br>        Defendant. | CV 22-9050 DSF (AFMx)<br><br>Order DISMISSING Federal<br>Claim and REMANDING Case to<br>State Court (Dkt. 9) |

Plaintiff Adriana Aguilar moves to remand this case to state court due to a lack of Article III standing.  The Court deems this matter appropriate for decision without oral argument.  See Fed. R. Civ. P. 78; Local Rule 7-15.  The hearing set for February 13, 2023, is removed from the Court's calendar.

Plaintiff admits that she does not allege a concrete injury with respect to her Fair Credit Reporting Act claim as required for Article III standing.  Therefore, this Court does not have subject matter jurisdiction over her claim.

Normally, a lack of subject matter jurisdiction over a removed claim would result in remand, but in the Ninth Circuit there is an exception when it is an "absolute certainty" that the state court would immediately dismiss the case on remand.  Sauk-Suiattle Indian Tribe v. City of Seattle, 56 F.4th 1179, 1189 (9th Cir. 2022).[1]  While it is theoretically possible that there could be standing to pursue the FCRA

---

[1] But see id. at 1191-93 (concurrence of entire panel questioning wisdom of Ninth Circuit's "futility" exception to remand).

claim in state court even if no federal standing exists, California courts also require a "concrete injury" for standing to pursue a FCRA claim. <u>Limon v. Circle K Stores Inc.</u>, 84 Cal. App. 5th 671, 707 (2022), <u>review denied</u> (Jan. 25, 2023).

The FCRA claim is DISMISSED for lack of standing.  Because the Court never had original jurisdiction over the federal claim, it lacks supplemental jurisdiction over the remaining state law claims. Those claims are therefore REMANDED to the Superior Court of California, County of Los Angeles.[2]

IT IS SO ORDERED.

Date: February 3, 2023

Dale S. Fischer
United States District Judge

---

[2] The Court observes that Plaintiff does not explicitly state that she did not suffer concrete injury.  Certain language in the motion to remand would seem to suggest that Plaintiff may be leaving the door open to changing course after remand to affirmatively plead concrete injury.  <u>See</u> Mem. at 1:9-10 (Plaintiff "does not assert" concrete injury); 3:10-11 ("Defendant has failed to establish that there is Article III standing"); 4:22-24 ("Plaintiff does not assert any economic or other concrete injury" or "plead any factual allegations as to any economic or other concrete injury").  Plaintiff's counsel are on notice that an attempt to reassert a FCRA claim in state court based on allegations that are contrary to the basis of the present remand motion will likely result in sanctions after the case's return to this Court.  <u>See</u> Fed. R. Civ. P. 11(b)(1); 28 U.S.C. § 1927.